Joshua B. Lane, ASB #2007060
joshua.lane@acslawyers.com
AHLERS CRESSMAN & SLEIGHT PLLC
1325 Fourth Avenue, Suite 1850
Seattle, WA 98101-2571
Phone: (206) 343-4547
Fax: (206) 934-1139
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
IN THE DISTRICT OF ALASKA – FAIRBANKS

| | |
|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of WEBER, INC., <br><br>Plaintiffs,<br><br> v. <br><br>NEESER CONSTRUCTION, INC., an Alaska corporation; and LIBERTY MUTUAL INSURANCE COMPANY, Bond No. 023209448, a foreign corporation, <br><br>Defendants. | Case No. <br><br> COMPLAINT AGAINST MILLER ACT PAYMENT BOND |

Plaintiffs, United States of America, for the use and benefit of Weber, Inc. (collectively "Weber"), allege as follows:

**I. PARTIES**

1. Weber is, and at all times material to this action was, a corporation organized and existing under the laws of the State of Alaska (Entity No. 53326D), and a licensed contractor under the laws of the State of Alaska (License No. 22484) and has met all other prerequisites to maintain this action.

COMPLAINT AGAINST MILLER
ACT PAYMENT BOND – 1
*Weber, Inc. v. Neeser Construction, Inc.*
Case No.
303944.1 | 102525.2

Ahlers Cressman & Sleight PLLC
1325 4TH AVE SUITE 1850  SEATTLE, WA 98101-2571

2. Neeser Construction, Inc. ("Neeser"), is the general/prime contractor on the Missile Field No. 4 Project – #W911KB19C0006 in Fort Greely, Alaska ("Project").

3. Liberty Mutual Insurance Co. ("Liberty"), on information and belief, is stated to be a Massachusetts corporation and is a compensated surety and bonding company for Neeser, and is authorized and licensed to do business and is doing business in the State of Alaska as a surety issuing bonds required by law or contract by the State of Alaska and various agencies within the jurisdiction of this Court.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction, as this case arises under the Miller Act, 40 U.S.C.A. § 3131, *et seq.* In accordance with the Miller Act, and as part of its obligations pertaining to the Project, Neeser, as principal, and Liberty, as surety, provided to the United States of America a Performance and Payment Bond, Bond No. 023209448 ("Bond"). The Bond is attached as **Exhibit A**. Neeser and Liberty are each jointly and severally liable for full payment up to the penal sum of the Bond to persons and entities who supplied labor and materials in connection with the Project, including Weber.

5. This Court also has jurisdiction over this dispute pursuant to 28 U.S.C.A. §§ 1331, 1352, and 1367.

6. This action involves a payment dispute on a Federal Government construction project in Fort Greely, Alaska. Venue is proper in this Judicial District, pursuant to 28 U.S.C.A. § 1391 and 40 U.S.C.A. § 3133(b)(3)(B), because the Project is located in this Judicial District, Defendant Neeser is

COMPLAINT AGAINST MILLER
ACT PAYMENT BOND – 2
*Weber, Inc. v. Neeser Construction, Inc.*
Case No.
303944.1 | 102525.2



1  located in this Judicial District, and the events or omissions giving rise to the
2  claims occurred in this District.

### III.    INTRADISTRICT ASSIGNMENT

4       7.    Pursuant to Local Rule 3.2, this action should be properly assigned
5  to the Fairbanks Court, because Fort Greely, where a substantial part of the acts
6  and/or omissions which give rise to Weber's claims occurred and also where the
7  Project property that is the subject of this action is located, is in or near
8  Fairbanks.

### IV.    FACTUAL ALLEGATIONS

10       8.    Neeser contracted with the United States Army Corps of Engineers
11  ("USACE") on the Project.

12       9.    Neeser entered into a subcontract with Miranda Electric, Inc.
13  ("MEI") wherein MEI would perform certain electrical work on the Project.

14       10.    MEI entered into a subcontract with Weber wherein Weber would
15  perform certain excavation, placement of bedding, and backfill of MEI's
16  electrical trenching on the Project ("Subcontract").

17       11.    Weber's scope of work was set out in its October 1, 2018 Quote to
18  MEI and based on the exact dimensions of trenches provided by MEI ("Scope of
19  Work").

20       12.    Weber's Quote was fully incorporated into its Subcontract with
21  MEI and defined the inclusions, exclusions, and parameters of Weber's Scope of
22  Work on the Project.

COMPLAINT AGAINST MILLER
ACT PAYMENT BOND – 3
*Weber, Inc. v. Neeser Construction, Inc.*
Case No.
303944.1 | 102525.2



Ahlers Cressman & Sleight PLLC
1325 4TH AVE SUITE 1850  SEATTLE, WA 98101-2571

13. MEI directed Weber to perform significant excess excavation of the trenches included in Weber's Scope of Work, as well as excavation and backfill of vaults and sumps and the screening of backfill, all of which was beyond the scope of Weber's Subcontract.

14. Weber agreed to perform this additional work based on MEI's assurances that MEI would pay Weber for it.

15. However, when Weber requested payment, MEI terminated Weber based upon unsupported allegations of delay. Indeed, delays to Weber's work were caused by MEI's failure to provide Weber with the information Weber repeatedly requested and required in order to perform the work, as well as the failure of other contractors/subcontractors to perform the predecessor work necessary for Weber to work.

16. MEI demanded Weber provide a plan and schedule to complete Weber's work, and when Weber timely did so, MEI refused to provide any feedback on the plan and schedule until it terminated Weber – claiming Weber's schedule did not adequately address issues MEI had not raised in its default notices.

17. While Weber was promptly addressing MEI's alleged default concerns, MEI was coordinating with Neeser to take over Weber's Scope of Work.

18. After wrongfully terminating Weber on September 3, 2020, MEI punitively insisted upon holding Weber's equipment, preventing Weber from utilizing the equipment even though MEI barely used the equipment before releasing it back to Weber on January 7, 2021 after repeated demands by Weber for its return.

COMPLAINT AGAINST MILLER
ACT PAYMENT BOND – 4
*Weber, Inc. v. Neeser Construction, Inc.*
Case No.
303944.1 | 102525.2



Ahlers Cressman & Sleight PLLC
1325 4TH AVE SUITE 1850   SEATTLE, WA 98101-2571

## V. CAUSE OF ACTION

## CLAIM AGAINST PAYMENT BOND UNDER MILLER ACT

19. At the time of filing suit, more than ninety (90) days, but less than one (1) year, have expired from the last date upon which Weber furnished labor, equipment, and materials to the Project (January 7, 2021). Weber first provided Neeser with notice of its Miller Act claim on October 6, 2020, and supplemental / amended notices on December 16, 2020 and February 8, 2021. Weber has otherwise satisfied all the requirements for pursuing a claim against the Bond.

20. In accordance with the terms of the Bond and Miller Act, Neeser and Liberty are jointly and severally liable to Weber for a sum not less than $1,173,274, or such other sum as will be proven at trial, together with interest at the maximum rate legally permissible from the date said sums were due, costs, attorneys' fees, and such other amounts as may be proven at trial and to which Weber is entitled either by statute or under the Subcontract.

## VI. STAY PENDING ARBITRATION

21. Weber's claims against MEI for breach of contract and wrongful termination are pending in arbitration.

22. Pursuant to the Miller Act (40 U.S.C.A. §§ 3131-3134), Weber is required to bring this action in federal court to preserve its statutory rights. By bringing this action, Weber is not waiving any contractual requirements under the Subcontract, including arbitration, but is simply preserving its rights. Accordingly, with a full reservation of rights, Weber requests this matter be stayed pending the completion of the arbitration currently proceeding against MEI.

COMPLAINT AGAINST MILLER
ACT PAYMENT BOND – 5
*Weber, Inc. v. Neeser Construction, Inc.*
Case No.
303944.1 | 102525.2



1325 4TH AVE SUITE 1850   SEATTLE, WA 98101-2571

# VII. PRAYER FOR RELIEF

WHEREFORE, Weber requests Judgment as follows:

A. Against Neeser and Liberty, jointly and severally, for a sum not less than $1,173,274, or such other sum as will be proven at trial, plus interest at the maximum rate legally permissible from the date said sums were due, the late payment interest penalty as provided under the Prompt Payment Act, attorneys' fees, and costs in an amount to be proven at the time of trial;

B. Attorneys' fees and costs in accordance with the Subcontract or other applicable law; and

C. For such other and further relief as the Court may deem just and equitable.

D. That this matter be stayed pending the completion of the arbitration currently proceeding against MEI.

DATED: This 1st day of September, 2021.

**AHLERS CRESSMAN & SLEIGHT PLLC**

By: */s/ Joshua B. Lane*
Joshua B. Lane, ASB #2007060
joshua.lane@acslawyers.com
1325 Fourth Avenue, Suite 1850
Seattle, WA 98101-2571
Phone: (206) 343-4547
Fax: (206) 934-1139
*Attorneys for Plaintiff,
Weber, Inc.*

COMPLAINT AGAINST MILLER
ACT PAYMENT BOND – 6
*Weber, Inc. v. Neeser Construction, Inc.*
Case No.
303944.1 | 102525.2

Ahlers Cressman & Sleight PLLC
1325 4TH AVE SUITE 1850   SEATTLE, WA 98101-2571

Case 4:21-cv-00021-JWS   Document 1   Filed 09/01/21   Page 6 of 6